(No. 3025—

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1943.*

JOHN W. PREIHS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant was injured on February 2, 1936, in an accident arising out of and in the course of her employment as a Supervisor at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois. The injury was serious, causing temporary blindness and general paralysis. The facts are fully detailed in the case of *Penwell* vs. *State,* 11 C. C. R. 365, in which an award was made to the claimant of $5,500.00 for total permanent disability, $8,215.95 for necessary medical, surgical and hospital services expended or incurred to and including October 22, 1940, and an annual pension of $660.00. On February 10, 1942, a further award was made to claimant for medical and hospital expenses incurred from October 22, 1940, to January 1, 1942. Claim is now made for an additional award of $1,164.15 for medical, hospital and nursing

services from January 1, 1942, to and including December 31, 1942.

Claimant remains totally paralyzed from the waist down, the paralysis being of a spastic type; her physical condition has not improved. She has no control over her lower limbs, nor over urine and faeces. Because of constant confinement in bed, she suffers bed sores which require frequent dressings. She remains helpless, requiring the services of nurses or attendants to move her to and from her bed, to change her bed clothing at least three or four times a day, to administer light treatment to the affected parts of her paralyzed body, and to rub her body with ointments prescribed by her physician. During the period in question, she expended, on account of medical services, $411.00; for nursing services, $431.54; for medicines and medical supplies, $130.46; for hospital expenses, $140.15; for ambulance services to and from hospital, $51.00; totalling $1,164.15. Claimant has submitted to the court, with her verified petition, the original receipts and vouchers showing payment of these respective items.

This court has heretofore held that under Section 8, paragraph a of the Workmen's Compensation Act, claimant is entitled to such care as is reasonably required to relieve her of the effects of the injury. (*Penwell* vs. *State*, supra). From the record, and from an investigation made at the court's request, it appears that there has been no change in claimant's physical condition to justify the denial of an award at this time; the services claimed were reasonably required, and the charges were reasonable and just. The court, however, reserves for future determination claimant's need for further medical, surgical and hospital services.

An award is therefore made to the claimant for medical and hospital expenses from January 1, 1942, to December 31, 1942, in the sum of $1,164.15, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.